UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DENISE MARLIN

Index No.: 18-cv-05573

                              Plaintiff,

              *-against-*

**COMPLAINT**

CITY OF NEW YORK *and*
POLICE OFFICER ANDREW RUIZ

Plaintiff Demands Trial by Jury

                         Defendants.

-------------------------------------------------------------X

      Plaintiff, DENISE MARLIN, by and through her attorney, Alexis G. Padilla, Esq., complaining of the defendants, The CITY OF NEW YORK and Police Officer ANDREW RUIZ, Shield No.: 11892 ("P.O. RUIZ"), upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

      1.    This is a civil rights action in which the plaintiff, DENISE MARLIN, seeks relief for the defendants' violation of her rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.     Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

4.     Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## PARTIES

5.     Plaintiff is a United States citizen of full age residing in Bronx County, New York.

6.     Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

7.     Defendant POLICE OFFICER ANDREW RUIZ was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. RUIZ acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the

City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

8.      On February 5, 2017 plaintiff had an altercation in the basement of the building where she lives with a young man named Jason Brown, who also lives in the building.

9.      As a result of that altercation, a protective order was issued by the Bronx Criminal Court on February 5, 2017 instructing plaintiff to stay away from Jason Brown. However, as the two parties reside in the same building, the protective order allowed for incidental contact.

10.      In the days leading up to February 22, 2017 plaintiff came across Jason Brown in the hallway of the building, at which point the young man uttered obscenities at plaintiff and threatened to do harm to her elderly parents.

11.      Plaintiff contacted the 52nd Precinct of the NYPD and complained that Jason Brown was harassing her and violating the terms of the protective order.

12.      Plaintiff was told by the Precinct to call in the next time she saw him.

13.      On February 24, 2017 plaintiff saw Jason Brown in front of the building and he again uttered unpleasant remarks in her direction. She immediately took out her cellphone and dialed the 52nd Precinct, at which point Jason Brown walked away.

14.      Upon information and belief, Jason Brown also called for police.

15.      Moments later police officers arrived on the scene.

16.      Defendant Police Officer ANDREW RUIZ spoke to Jason Brown.

17.      Upon information and belief, Jason Brown told P.O. RUIZ that he came across plaintiff while exiting the building and that plaintiff was holding up her phone.

18.     Based upon that information, P.O. RUIZ arrested plaintiff for violating the protective order, even though the order states clearly that the parties are allowed to have incidental contact of the exact sort that was complained of by Jason Brown and despite the fact that plaintiff was the one complaining of Jason Brown violating the protective order in the first place.

19.     Defendant P.O. RUIZ placed plaintiff in handcuffs, put her into a police vehicle and transferred her to the 52nd Precinct, where she was held in a cell for approximately six hours before being transferred to central booking in the Bronx.

20.     At central booking, the case against plaintiff was reviewed by members of the Bronx County District Attorney's Office and a decision was made not to prosecute the case.

21.     Plaintiff was released without ever having her case called before the Court.

22.     At no point during this sequence of events did plaintiff commit any act for which she could be arrested.

23.     At no point during this sequence of events did defendant P.O. RUIZ have probable cause to arrest plaintiff or to believe that plaintiff had committed any act for which she could be arrested.

24.     As a result of defendant P.O. RUIZ's unlawful use of his arrest power, plaintiff suffered a period of false imprisonment lasting approximately 24 hours.

## AS FOR A FIRST CAUSE OF ACTION

*False arrest as against defendant Police Officer Andrew Ruiz in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

25.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

26.     At all times during the events described above defendant P.O. RUIZ lacked probable

cause to arrest plaintiff.

27.     All of the aforementioned acts of defendant P.O. RUIZ were carried out under the color of state law.

28.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29.     The acts complained of were carried out by P.O. RUIZ in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

30.     The acts complained of deprived plaintiff of her right to be free from false arrest and resulted in a period of false imprisonment lasting approximately twenty-four hours.

## AS FOR A SECOND CAUSE OF ACTION

### *Monell Claim for municipal liability as against the City of New York*

31.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

32.     The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the defendant P.O. RUIZ. The conduct of the defendant was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

33.     At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allow for police officers to make arrests without probable cause and in flagrant violation of their sworn oaths to uphold the Constitution.

34.     At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

35.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendant on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

36.     The wrongful polices, practices and customs complained of herein, demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: June 20, 2018
       Brooklyn, NY

By:      _____/s/Alexis G. Padilla_____
         Alexis G. Padilla, Esq. [AP8285]
         *Attorney for Plaintiff*
         *Denise Marlin*
         575 Decatur Street #3
         Brooklyn, NY 11233
         (917) 238-2993
         alexpadilla722@gmail.com